783 So.2d 1097 (2001)
David L. SHAW, Appellant,
v.
STATE of Florida, Appellee.
No. 5D00-851.
District Court of Appeal of Florida, Fifth District.
March 9, 2001.
*1098 Douglas R. Beam of Douglas R. Beam, P.A., Melbourne, for Appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Denise O. Simpson, Assistant Attorney General, Daytona Beach, for Appellee.

ON MOTION FOR REHEARING OR CLARIFICATION
COBB, J.
The state has moved for rehearing or clarification of our decision reversing the defendant's conviction for felony driving under the influence. The state challenges one aspect of the decision, our determination that Horizontal Gaze Nystagmus (HGN) evidence was improperly presented at trial. We find the state's motion to be meritorious and accordingly withdraw our previous opinion and substitute the following in its place.
The defendant appeals from his convictions for felony driving while license permanently revoked[1] and felony driving under the influence.[2] The defendant raises a plethora of issues on appeal. We find that two points merit discussion and that one necessitates reversal of the felony driving under the influence conviction and sentence and remand for a new trial.[3]
The defendant claims that the state was improperly permitted to introduce, over objection, evidence of HGN by way of a videotape made of the defendant just after the stop. The defendant claims the jury was exposed to HGN evidence without corresponding expert scientific testimony to correlate this test to alcohol impairment. However, the trial court found on the record that determining any HGN results from the videotape would be impossible. In light of this factual determination, we find no reversible error on this point.
However, the trial court reversibly erred in allowing the state, over objection, to argue that it met its burden in the felony driving under the influence prosecution by proving that the defendant's faculties were weakened rather than impaired. Section 316.193, Florida Statutes provides in relevant part:
(1) A person is guilty of the offense of driving under the influence and is subject to punishment as provided in subsection (2) if the person is driving or in actual physical control of a vehicle within this state and:
(a) The person is under the influence of alcoholic beverages, any chemical substance set forth in s. 877.111, or any substance controlled under chapter 893, when affected to the extent that the person's normal faculties are impaired; (emphasis supplied).
The state asserts that the terms "weakened" and "impaired" are similar in meaning and that the argument was proper. The state's premise is incorrect. Impair denotes a worsening or diminishment in some material respect. Weaken means to reduce in intensity or effectiveness. See Webster's New Collegiate Dictionary, pp. 569, 1316. One can be weakened without *1099 being impaired since impairment requires a diminishment in some material respect.
The argument was an erroneous statement of the law, the objection should have been sustained and a curative instruction given. The fact that the trial court ultimately instructed the jury in accordance with the language of section 316.193(1)(a), Florida Statutes, did not itself cure the error since the court, by overruling the objection indicated to the jury that weakened faculties were synonymous with impaired faculties.
AFFIRMED IN PART; REVERSED IN PART; AND REMANDED.
PETERSON and PALMER, JJ., concur.
NOTES
[1] § 322.341, Fla.Stat.
[2] § 316.193, Fla.Stat.
[3] The defendant stipulated during trial that his driver's license had been permanently revoked at the time he was stopped by the police. Given this stipulation and the fact that the error which occurred relates solely to the driving under the influence charge, the defendant's conviction and sentence for felony driving while license permanently revoked is affirmed.