PER CURIAM.
In response to the request of this Court, the Supreme Court Committee on Standard Jury Instructions in Criminal Cases has proposed an amendment to current Florida Standard Jury Instruction (Criminal) 7.7, “Manslaughter.” The proposed amendment adds a comment to the manslaughter instruction directing trial judges to carefully study Eversley v. State, 748 So.2d 963 (Fla.1999), in any manslaughter case in which causation is an issue. We have jurisdiction. See art. V, § 2(a), Fla. Const.
The proposed comment was published in the February 15, 2005, edition of The Florida Bar News. No comments were received. We hereby authorize the publication of the new comment to the jury instructions as modified by the Court and set forth in the appendix to this opinion. New language is indicated by underlining. The amended language shall become effective on the date this opinion becomes final.
It is so ordered.
PARIENTE, C.J., and WELLS, ANSTEAD, LEWIS, QUINCE, CANTERO, and BELL, JJ., concur.
*1221 APPENDIX
MANSLAUGHTER
§ 782.07, Fla. Stat.
To prove the crime of Manslaughter, the State must prove the following two elements beyond a reasonable doubt:
1. (Victim) is dead.

Give 2a, 2b, or 2c depending upon allegations and proof

2. a (Defendant) intentionally caused the death of (victim).
b. (Defendant) intentionally procured the death of (victim).
c. The death of (victim) was caused by the culpable negligence of (defendant).
However, the defendant cannot be guilty of manslaughter if the killing was either justifiable or excusable homicide as I have previously explained those terms.

Give only if 2b alleged and proved

To “procure” means to persuade, induce, prevail upon or cause a person to do something.

Give only if 2c alleged and proved

I will now define “culpable negligence” for you. Each of us has a duty to act reasonably toward others. If there is a violation of that duty, without any conscious intention to harm, that violation is negligence. But culpable negligence is more than a failure to use ordinary care toward others. In order for negligence to be culpable, it must be gross and flagrant. Culpable negligence is a course of conduct showing reckless disregard of human life, or of the safety of persons exposed to its dangerous effects, or such an entire want of care as to raise a presumption of a conscious indifference to consequences, or which shows wantonness or recklessness, or a grossly careless disregard for the safety and welfare of the public, or such an indifference to the rights of others as is equivalent to an intentional violation of such rights.
The negligent act or omission must have been committed with an utter disregard for the safety of others. Culpable negligence is consciously doing an act or following a course of conduct that the defendant must have known, or reasonably should have known, was likely to cause death or great bodily injury.

Give only if 2(a) alleged and proved, and manslaughter is being defined as a lesser included offense of first degree premeditated murder

In order to convict of manslaughter by intentional act, it is not necessary for the State to prove that the defendant had a premeditated intent to cause death.
Comment

In the event of any reinstruction on manslaughter, the instructions on justifiable and excusable homicide as previously given should be given at the same time. Hedges v. State, 172 So.2d 82k (Fla.1965).

In appropriate cases, an instruction on transferred intent should be given.

Trial judges should carefully study Ev-ersley v. State, 7k8 So.2d 968 (Fla.1999), in any manslaughter case in which causation is an issue to determine if a special jury instruction on causation is needed.

This instruction was adopted in 1981 and amended in 1985,1992, and 1994.