946 So.2d 1061 (2006)
In re STANDARD JURY INSTRUCTIONS IN CRIMINAL CASES No. 2006-1.
No. SC06-909.
Supreme Court of Florida.
December 21, 2006.
The Honorable Terry David Terrell, Chair, Supreme Court Committee on Standard Jury Instructions in Criminal Cases, *1062 First Judicial Circuit, Pensacola, FL, for Petitioner.
PER CURIAM.
The Supreme Court Committee on Standard Jury Instructions in Criminal Cases (Committee) has submitted proposed amendments to Standard Jury Instructions in Criminal Cases 7.7, Manslaughter; 7.8, DUI Manslaughter; and 7.9, Vehicular Homicide. We have jurisdiction. See art. V, § 2(a), Fla. Const.
Before submitting the proposals to the Court, the Committee published the proposals for comment in The Florida Bar News. No comments were received. The proposed amendments to instruction 7.7, Manslaughter, are in response to statutory amendments made since the last update to the instructions. The proposed amendments for instruction 7.8, DUI Manslaughter, make only minor changes to the existing instruction. The proposed amendments to instruction 7.9, Vehicular Homicide, revise the instruction to also address vessel homicide.
Having considered the Committee's report, we hereby authorize the publication and use of the instructions as set forth in the appendix to this opinion. In doing so, we express no opinion on the correctness of the instructions and remind all interested parties that this authorization forecloses neither requesting additional or alternative instructions nor contesting the legal correctness of the instructions. We further caution all interested parties that any notes and comments associated with the instructions reflect only the opinion of the Committee and are not necessarily indicative of the views of this Court as to their correctness or applicability. New language is indicated by underlining, and deleted language is struck-through. The instructions as set forth in the appendix shall be effective when this opinion becomes final.
It is so ordered.
LEWIS, C.J., and WELLS, ANSTEAD, PARIENTE, QUINCE, CANTERO, and BELL, JJ., concur.

APPENDIX

7.7 MANSLAUGHTER

§ 782.07, Fla. Stat.
To prove the crime of Manslaughter, the State must prove the following two elements beyond a reasonable doubt:
1. (Victim) is dead.
Give 2a, 2b, or 2c depending upon allegations and proof.
2. a. (Defendant) intentionally caused the death of (victim).
b. (Defendant) intentionally procured the death of (victim).
c. The death of (victim) was caused by the culpable negligence of (defendant).
However, the defendant cannot be guilty of manslaughter if the killing was either justifiable or excusable homicide as I have previously explained those terms.
Give only if 2(a) alleged and proved, and manslaughter is being defined as a lesser included offense of first degree pre-meditated murder.
In order to convict of manslaughter by intentional act, it is not necessary for the State to prove that the defendant had a premeditated intent to cause death.
Give only if 2b alleged and proved.
To "procure" means to persuade, induce, prevail upon or cause a person to do something.
*1063 Give only if 2c alleged and proved.
I will now define "culpable negligence" for you. Each of us has a duty to act reasonably toward others. If there is a violation of that duty, without any conscious intention to harm, that violation is negligence. But culpable negligence is more than a failure to use ordinary care toward others. In order for negligence to be culpable, it must be gross and flagrant. Culpable negligence is a course of conduct showing reckless disregard of human life, or of the safety of persons exposed to its dangerous effects, or such an entire want of care as to raise a presumption of a conscious indifference to consequences, or which shows wantonness or recklessness, or a grossly careless disregard for the safety and welfare of the public, or such an indifference to the rights of others as is equivalent to an intentional violation of such rights.
The negligent act or omission must have been committed with an utter disregard for the safety of others. Culpable negligence is consciously doing an act or following a course of conduct that the defendant must have known, or reasonably should have known, was likely to cause death or great bodily injury.
Give only if 2(a) alleged and proved, and manslaughter is being defined as a lesser included offense of first degree pre-meditated murder
In order to convict of manslaughter by intentional act, it is not necessary for the State to prove that the defendant had a premeditated intent to cause death.
§ 782.07(2)-(4), Fla. Stat. Enhanced penalty if 2c alleged and proved. Give a, b, or c, as applicable.
If you find the defendant guilty of manslaughter, you must then determine whether the State has further proved beyond a reasonable doubt that:
a. (Victim) was at the time [an elderly person] [a disabled adult] whose death was caused by the neglect of (defendant), a caregiver.
b. (Victim) was a child whose death was caused by the neglect of (defendant), a caregiver.
c. (Victim) was at the time [an officer] [a firefighter] [an emergency medical technician] [a paramedic] who was at the time performing duties that were within the course of [his] [her] employment. The court now instructs you that (official title of victim) is [an officer] [a firefighter] [an emergency medical technician] [a paramedic].
Definitions. Give if applicable.
"Child" means any person under the age of 18 years.
"Elderly person" means a person 60 years of age or older who is suffering from the infirmities of aging as manifested by advanced age, organic brain damage, or physical, mental, or emotional dysfunctioning, to the extent that the ability of the person to provide adequately for the person's own care or protection is impaired.
"Disabled adult" means a person 18 years of age or older who suffers from a condition of physical or mental incapacitation due to developmental disability, organic brain damage, or mental illness, or who has one or more physical or mental limitations that restrict the person s ability to perform the normal activities of daily living.
"Facility" means any location providing day or residential care or treatment for elderly persons or disabled adults. *1064 The term "facility" may include, but is not limited to, any hospital, training center, state institution, nursing home, assisted living facility, adult family-care home, adult day care center, group home, mental health treatment center, or continuing care community.
As applied to an Elderly Person or a Disabled Adult.
"Caregiver" means a person who has been entrusted with or has assumed responsibility for the care or the property of an elderly person or a disabled adult. "Caregiver" includes, but is not limited to, relatives, court-appointed or voluntary guardians, adult household members, neighbors, health care providers, and employees and volunteers of facilities.
As applied to a Child.
"Caregiver" means a parent, adult household member, or other person responsible for a child s welfare.
§ 825.102(3)(a) or § 827.03(3)(a), Fla. Stat. Give 1 or 2 as applicable.
"Neglect of [a child"] ["an elderly person"] ["a disabled adult"] means:
1. A caregiver's failure or omission to provide [a child] [an elderly person] [a disabled adult] with the care, supervision, and services necessary to maintain [a child's] [an elderly person's] [a disabled adult's] physical and mental health, including, but not limited to, food, nutrition, clothing, shelter, supervision, medicine, and medical services that a prudent person would consider essential for the well-being of the [child] [elderly person] [disabled adult];
or
2. A caregiver s failure to make reasonable effort to protect [a child] [an elderly person] [a disabled adult] from neglect by another person.
Repeated conduct or a single incident or omission by a caregiver that results in, or could reasonably be expected to result in, a substantial risk of death of [a child] [an elderly person] [a disabled adult] may be considered in determining neglect.
Definitions. As applied to Designated Personnel.
§ 112.191 and § 633.35, Fla. Stat.
"Firefighter" means any full-time duly employed uniformed firefighter employed by an employer, whose primary duty is the prevention and extinguishing of fires, the protection of life and property there from, the enforcement of municipal, county, and state fire prevention codes, as well as the enforcement of any law pertaining to the prevention and control of fires, who is certified by the Division of State Fire Marshal of the Department of Financial Services, who is a member of a duly constituted fire department of such employer or who is a volunteer firefighter.
§ 943.10(14), Fla. Stat.
"Officer" means any person employed or appointed as a full-time, part-time, or auxiliary law enforcement officer, correctional officer, or correctional probation officer.
§ 401.23, Fla. Stat.
"Emergency Medical Technician" means a person who is certified by the Department of Health to perform basic life support.
§ 401.23, Fla. Stat.
*1065 "Paramedic" means a person who is certified by the Department of Health to perform basic and advanced life support.

Lesser Included Offenses

-------------------------------------------------------------------------------------------------------
 MANSLAUGHTER782.07
--------------------------------------------------------------------------------------------------------
CATEGORY ONE CATEGORY TWO FLA. STAT. INS. NO.
--------------------------------------------------------------------------------------------------------
None Vehicular homicide 782.071 7.9
---------------------------------------------------------------------------------------------------------
 Vessel homicide 782.072 7.9
---------------------------------------------------------------------------------------------------------
 (Nonhomicide lessers) 777.04(1) 5.1
 Attempt
---------------------------------------------------------------------------------------------------------
 Aggravated assault 784.021 8.2
---------------------------------------------------------------------------------------------------------
 Battery 784.03 8.3
---------------------------------------------------------------------------------------------------------
 Assault 784.011 8.1
---------------------------------------------------------------------------------------------------------
 Culpable negligence 784.05 8.9
---------------------------------------------------------------------------------------------------------

Comment
In the event of any reinstruction on manslaughter, the instructions on justifiable and excusable homicide as previously given should be given at the same time. Hedges v. State, 172 So.2d 824 (Fla.1965).
In appropriate cases, an instruction on transferred intent should be given.
Trial judges should carefully study Eversley v. State, 748 So.2d 963 (Fla.1999), in any manslaughter case in which causation is an issue to determine if a special jury instruction on causation is needed.
To be found guilty of Aggravated Manslaughter, there is no statutory requirement that the defendant have knowledge of the classification of the victim; therefore, the schedule of lesser included offenses does not include Aggravated Battery on a Law Enforcement Officer, Aggravated Assault on a Law Enforcement Officer, Battery on a Law Enforcement Officer, or Assault on a Law Enforcement Officer. Those offenses have a different definition of officer. Additionally, the excluded lesser included offenses require proof of knowing that the commission of the offense was on an officer who was engaged in the lawful performance of a legal duty.
This instruction was adopted in 1981 and amended in 1985 [477 So.2d 985], 1992 [603 So.2d 1175], 1994 [636 So.2d 502], and 2005 [911 So.2d 1220] and 2006.

7.8 DUI MANSLAUGHTER

§ 316.193(3)(c)3, Fla. Stat.
To prove the crime of DUI Manslaughter, the State must prove the following three elements beyond a reasonable doubt:
1. (Defendant) drove or was in actual physical control of a vehicle.
Give 2a or 2b as applicable.
2. While driving or while in actual physical control of the vehicle, (defendant)
Give 2a or 2b as applicable
a. was under the influence of [alcoholic beverages] [a chemical substance] [a controlled substance] to the extent that [his] *1066 [her] normal faculties were impaired.
b. had a blood or breath alcohol level of 0.08 or higher.
3. As a result, (defendant) caused or contributed to the cause of the death of (victim). See Magaw v. State, 537 So.2d 564 (Fla.1989).

Definitions. Give as applicable. § 316.003(75), Fla. Stat.
"Vehicle" is any every device in, upon, or by which any person or property is or may be transported or drawn upon a highway, except devices used exclusively upon stationary rails or tracks.
"Normal faculties" include but are not limited to the ability to see, hear, walk, talk, judge distances, drive an automobile, make judgments, act in emergencies and, in general, to normally perform the many mental and physical acts of our daily lives.
"Actual physical control of a vehicle" means the defendant must be physically in or on the vehicle and have the capability to operate the vehicle, regardless of whether [he] [she] is actually operating the vehicle at the time.
"Alcoholic beverages" are considered to be substances of any kind and description which contain alcohol.
§ 877.111(1), Fla. Stat.
(Specific substance alleged) is a chemical substance under Florida law.
Chapter 893, Fla. Stat.
(Specific substance alleged) is a controlled substance under Florida law.
In appropriate cases, an instruction may be given on one or more of the presumptions of impairment established by § § 316.1934(2)(a), (2)(b), and (2)_(c), Fla. Stat., as follows:
1. If you find from the evidence that the defendant had a blood or breath alcohol level of 0.05 or less, you shall presume that the defendant was not under the influence of alcoholic beverages to the extent that [his] [her] normal faculties were impaired.
2. If you find from the evidence that the defendant had a blood or breath alcohol level in excess of 0.05 but less than 0.08, you may consider that evidence with other competent evidence in determining whether the defendant was under the influence of alcoholic beverages to the extent that [his] [her] normal faculties were impaired; or
3. If you find from the evidence that the defendant had a blood or breath alcohol level of 0.08 or more, that evidence would be sufficient by itself to establish that the defendant was under the influence of alcohol to the extent that [his] [her] normal faculties were impaired. However, such evidence may be contradicted or rebutted by other evidence.
These presumptions may be considered along with any other evidence presented in deciding whether the defendant was under the influence of alcoholic beverages to the extent that [his] [her] normal faculties were impaired.
Defense of inoperability. Give if applicable.
It is a defense to the charge of driving or being in actual physical control of a vehicle while under the influence if at the time of the alleged offense the vehicle was inoperable.
However, it is not a defense if, while impaired, the defendant drove or was in actual physical control of the vehicle before it became inoperable.
Therefore, if you are not convinced beyond a reasonable doubt that the vehicle *1067 was operable at the time of the alleged offense, you should find the defendant not guilty.
However, if you are convinced that the vehicle was operable at the time of the alleged offense, then you should find the defendant guilty if all the other elements of the charge have been proved beyond a reasonable doubt.

Lesser Included Offenses

-----------------------------------------------------------------------------
 DUI MANSLAUGHTER316.193(3)(c)(3)
-----------------------------------------------------------------------------
CATEGORY ONE CATEGORY TWO FLA. STAT. INS. NO.
------------------------------------------------------------------------------
DUI 316.193 28.1
-------------------------------------------------------------------------------
 DUI serious bodily 316.193(3)(c)2 28.3
 injury
-------------------------------------------------------------------------------
 DUI damage to or 316.193(3)(c)
 person or property
--------------------------------------------------------------------------------
 Vehicular homicide 782.071 7.9
---------------------------------------------------------------------------------

Comment
This instruction was adopted in 1981 and amended in 1985 [477 So.2d 985], 1987 [508 So.2d 1221], 1989, 1992 [603 So.2d 1175], 1995 [665 So.2d 212], and 1998 [723 So.2d 123], and 2006.

7.9 VEHICULAR OR VESSEL HOMICIDE

§ 782.071 or § 782.072, Fla. Stat.
To prove the crime of [Vehicular] [Vessel] Homicide, the State must prove more than a failure to use ordinary care, and must prove the following three elements beyond a reasonable doubt:
1. (Victim) is dead;.
2. The death was caused by the operation of a [motor vehicle] [vessel] by (defendant).
3. (Defendant) operated the [motor vehicle] [vessel] in a reckless manner likely to cause the death of or great bodily harm to another person.
An intent by the defendant to harm or injure the victim or any other person is not an element to be proved by the State.
Enhanced penalty. § 782.071(1)(b) or § 782.072(2), Fla. Stat. Give if applicable.
If you find the defendant guilty of [vehicular] [vessel] homicide, you must then determine whether the State has further proved beyond a reasonable doubt that:
1. At the time of the accident, (defendant) knew, or should have known, that the accident occurred; and
2. (Defendant) failed to give information and render aid as required by law. (Read applicable portion of § 316.062, Fla. Stat., as charged in information or indictment.)

However, the State is not required to prove (defendant) knew that the accident resulted in injury or death.
Definitions
§ 782.071(2), Fla. Stat. Applicable only to Vehicular Homicide.
"Victim" includes a human being or a viable fetus which is killed as a result of *1068 any injury to the mother. A fetus is viable when it becomes capable of meaningful life outside the womb through standard medical measures.
§ 327.02(39) Fla. Stat. Applicable only to Vessel Homicide.
"Vessel" is synonymous with boat and includes every description of watercraft, barge, and airboat, other than a seaplane on the water, used or capable of being used as a means of transportation on water.

Lesser Included Offenses

----------------------------------------------------------------------------------------------------------------
 VEHICULAR OR VESSEL HOMICIDE782.071 or 782.072
----------------------------------------------------------------------------------------------------------------
CATEGORY ONE CATEGORY TWO FLA. STAT. INS. NO.
----------------------------------------------------------------------------------------------------------------
Reckless driving 316.192 28.5
----------------------------------------------------------------------------------------------------------------
Reckless or Careless 327.33
-------------------- -------
Operation of Vessel
----------------------------------------------------------------------------------------------------------------
 Culpable negligence 784.05 8.9
-----------------------------------------------------------------------------------------------------------------

Comment
Culpable negligence is a Category Two lesser included offense of both vehicular and vessel homicide.
This instruction was adopted in 1981 and amended in 1989 and 2006.