41 So.3d 853 (2010)
In re AMENDMENTS TO STANDARD JURY INSTRUCTIONS IN CRIMINAL CASESINSTRUCTION 7.7.
No. SC10-113.
Supreme Court of Florida.
April 8, 2010.
Rehearing Denied July 22, 2010.
Judge Lisa T. Munyon, Chair, Standard Jury Instructions in Criminal Cases Committee, Ninth Judicial Circuit, Orlando, FL, for Petitioner.
PER CURIAM.
As amended on the Court's own motion, we authorize for publication and use instruction 7.7 of the Standard Jury Instructions in Criminal Cases, on an interim basis. We have jurisdiction. See art. V, § 2(a), Fla. Const.
In State v. Montgomery, 39 So.3d 252 (Fla.2010), we approved the decision of the First District Court of Appeal in Montgomery v. State, 34 Fla. L. Weekly D360, ___ So.3d ___, 2009 WL 350624 (Fla. 1st DCA 2009), to the extent that it concluded that use of instruction 7.7, the standard jury instruction on manslaughter, resulted in fundamental error in Montgomery's first-degree murder case because the instruction erroneously required the State to prove that the defendant intended to kill the victim.
In light of Montgomery, we hereby authorize on an interim basis the publication and use of instruction 7.7 as amended, set forth in the appendix to this opinion. In doing so, we express no opinion on the correctness of the instruction and remind all interested parties that this authorization forecloses neither requesting additional or alternative instructions, nor contesting the legal correctness *854 of the instructions. We further caution all interested parties that any comments associated with the instructions reflect only the opinion of the Committee on Standard Jury Instructions in Criminal Cases and are not necessarily indicative of the views of this Court as to their correctness or applicability. New language is indicated by underlining, and deleted language is struck-through. This interim instruction is authorized for use immediately and until further order of the Court.
We specifically seek comments on the Court's amendment to instruction 7.7 from the Supreme Court Committee on Standard Jury Instructions in Criminal Cases (Committee), along with any suggested changes that the Committee deems appropriate. We also welcome comments from any other interested parties. All comments shall be filed with the Court no later than sixty days from the date of this opinion.[1]
It is so ordered.
QUINCE, C.J., and PARIENTE, LEWIS, CANADY, POLSTON, LABARGA, and PERRY, JJ., concur.

APPENDIX

7.7 MANSLAUGHTER

§ 782.07, Fla. Stat.
To prove the crime of Manslaughter, the State must prove the following two elements beyond a reasonable doubt:
1. (Victim) is dead.
Give 2a, 2b, or 2c depending upon allegations and proof.
2. a. (Defendant's) act(s) intentionally caused the death of (victim).
b. (Defendant) intentionally procured the death of (victim).
c. The death of (victim) was caused by the culpable negligence of (defendant).
However, the defendant cannot be guilty of manslaughter if the killing was either justifiable or excusable homicide: as I have previously explained those terms.
The killing of a human being is justifiable homicide and lawful if necessarily done while resisting an attempt to murder or commit a felony upon the defendant, or to commit a felony in any dwelling house in which the defendant was at the time of the killing. § 782.02, Fla. Stat.
The killing of a human being is excusable, and therefore lawful, under any one of the following three circumstances:
1. When the killing is committed by accident and misfortune in doing any lawful act by lawful means with usual ordinary caution and without any unlawful intent, or

*855 2. When the killing occurs by accident and misfortune in the heat of passion, upon any sudden and sufficient provocation, or
3. When the killing is committed by accident and misfortune resulting from a sudden combat, if a dangerous weapon is not used and the killing is not done in a cruel or unusual manner.
Give only if 2(a) alleged and proved, and manslaughter is being defined as a lesser included offense of first degree premeditated murder.
In order to convict of manslaughter by intentional act, it is not necessary for the State to prove that the defendant had an premeditated intent to cause death, only an intent to commit an act that was not justified or excusable and which caused death. See Hall v. State, 951 So.2d 91 (Fla.2d DCA 2007).
Give only if 2b alleged and proved.
To "procure" means to persuade, induce, prevail upon or cause a person to do something.
Give only if 2c alleged and proved.
I will now define "culpable negligence" for you. Each of us has a duty to act reasonably toward others. If there is a violation of that duty, without any conscious intention to harm, that violation is negligence. But culpable negligence is more than a failure to use ordinary care toward others. In order for negligence to be culpable, it must be gross and flagrant. Culpable negligence is a course of conduct showing reckless disregard of human life, or of the safety of persons exposed to its dangerous effects, or such an entire want of care as to raise a presumption of a conscious indifference to consequences, or which shows wantonness or recklessness, or a grossly careless disregard for the safety and welfare of the public, or such an indifference to the rights of others as is equivalent to an intentional violation of such rights.
The negligent act or omission must have been committed with an utter disregard for the safety of others. Culpable negligence is consciously doing an act or following a course of conduct that the defendant must have known, or reasonably should have known, was likely to cause death or great bodily injury.
§ 782.07(2)-(4), Fla. Stat. Enhanced penalty if 2c alleged and proved. Give a, b, or c, as applicable.
If you find the defendant guilty of manslaughter, you must then determine whether the State has further proved beyond a reasonable doubt that:
a. (Victim) was at the time [an elderly person] [a disabled adult] whose death was caused by the neglect of (defendant), a caregiver.
b. (Victim) was a child whose death was caused by the neglect of (defendant), a caregiver.
c. (Victim) was at the time [an officer] [a firefighter] [an emergency medical technician] [a paramedic] who was at the time performing duties that were within the course of [his] [her] employment. The court now instructs you that (official title of victim) is [an officer] [a firefighter] [an emergency medical technician] [a paramedic].
Definitions. Give if applicable.
"Child" means any person under the age of 18 years.

§ 782.03, Fla. Stat.
"Dangerous weapon" is any weapon that, taking into account the manner in *856 which it was used, is likely to produce death or great bodily harm.
"Elderly person" means a person 60 years of age or older who is suffering from the infirmities of aging as manifested by advanced age, organic brain damage, or physical, mental, or emotional dysfunctioning, to the extent that the ability of the person to provide adequately for the persons own care or protection is impaired.
"Disabled adult" means a person 18 years of age or older who suffers from a condition of physical or mental incapacitation due to developmental disability, organic brain damage, or mental illness, or who has one or more physical or mental limitations that restrict the persons ability to perform the normal activities of daily living.
"Facility" means any location providing day or residential care or treatment for elderly persons or disabled adults. The term "facility" may include, but is not limited to, any hospital, training center, state institution, nursing home, assisted living facility, adult family-care home, adult day care center, group home, mental health treatment center, or continuing care community.

As applied to an Elderly Person or a Disabled Adult.
"Caregiver" means a person who has been entrusted with or has assumed responsibility for the care or the property of an elderly person or a disabled adult. "Caregiver" includes, but is not limited to, relatives, court-appointed or voluntary guardians, adult household members, neighbors, health care providers, and employees and volunteers of facilities.

As applied to a Child.
"Caregiver" means a parent, adult household member, or other person responsible for a child's welfare.

§ 825.102(3)(a) or § 827.03(3)(a), Fla. Stat. Give 1 or 2 as applicable.
"Neglect of [a child"] [an elderly person"] [a disabled adult"] means:
1. A caregivers failure or omission to provide [a child] [an elderly person] [a disabled adult] with the care, supervision, and services necessary to maintain [a child's] [an elderly person's] [a disabled adult's] physical and mental health, including, but not limited to, food, nutrition, clothing, shelter, supervision, medicine, and medical services that a prudent person would consider essential for the well-being of the [child] [elderly person] [disabled adult];
or
2. A caregiver's failure to make reasonable effort to protect [a child] [an elderly person] [a disabled adult] from abuse, neglect or exploitation by another person.
Repeated conduct or a single incident or omission by a caregiver that results in, or could reasonably be expected to result in, a substantial risk of death of [a child] [an elderly person] [a disabled adult] may be considered in determining neglect.

Definitions. As applied to Designated Personnel.

§ 112.191 and § 633.35, Fla. Stat.
"Firefighter" means any full-time duly employed uniformed firefighter employed by an employer, whose primary duty is the prevention and extinguishing of fires, the protection of life and property therefrom, the enforcement of municipal, county, and state fire prevention codes, as well as the enforcement of any *857 law pertaining to the prevention and control of fires, who is certified by the Division of State Fire Marshal of the Department of Financial Services, who is a member of a duly constituted fire department of such employer or who is a volunteer firefighter.

§ 943.10(14), Fla. Stat.
"Officer" means any person employed or appointed as a full-time, part-time, or auxiliary law enforcement officer, correctional officer, or correctional probation officer.

§ 401.23, Fla. Stat.
"Emergency Medical Technician" means a person who is certified by the Department of Health to perform basic life support.

§ 401.23, Fla. Stat.
"Paramedic" means a person who is certified by the Department of Health to perform basic and advanced life support.

 Lesser Included Offenses
-------------------------------------------------
 MANSLAUGHTER782.07
-------------------------------------------------
CATEGORY CATEGORY FLA. INS.
ONE TWO STAT. NO.
-------------------------------------------------
None
-------------------------------------------------
 Vehicular homicide 782.071 7.9
-------------------------------------------------
 Vessel homicide 782.072 7.9
-------------------------------------------------
 (Nonhomicide lessers) 777.04(1) 5.1
 Attempt
-------------------------------------------------
 Aggravated assault 784.021 8.2
-------------------------------------------------
 Battery 784.03 8.3
-------------------------------------------------
 Assault 784.011 8.1
-------------------------------------------------
 Culpable negligence 784.05 8.9
-------------------------------------------------

Comment
In the event of any reinstruction on manslaughter, the instructions on justifiable and excusable homicide as previously given should be given at the same time. Hedges v. State, 172 So.2d 824 (Fla.1965).
In appropriate cases, an instruction on transferred intent should be given.
Trial judges should carefully study Eversley v. State, 748 So.2d 963 (Fla.1999), in any manslaughter case in which causation is an issue to determine if a special jury instruction on causation is needed.
To be found guilty of Aggravated Manslaughter, there is no statutory requirement that the defendant have knowledge of the classification of the victim; therefore, the schedule of lesser included offenses does not include Aggravated Battery on a Law Enforcement Officer, Aggravated Assault on a Law Enforcement Officer, Battery on a Law Enforcement Officer, or Assault on a Law Enforcement Officer. Those offenses have a different definition of officer. Additionally, the excluded lesser included offenses require proof of knowing that the commission of the offense was on an officer who was engaged in the lawful performance of a legal duty.
This instruction was adopted in 1981 and amended in 1985 [477 So.2d 985], 1992 [603 So.2d 1175], 1994 [636 So.2d 502], 2005 [911 So.2d 1220], 2006 [946 So.2d 1061], and 2008 [997 So.2d 403], and 2010.
NOTES
[1] An original and nine paper copies of all comments must be filed with the Court on or before June 7, 2010, with a certificate of service verifying that a copy has been served on the Committee Chair, the Honorable Lisa T. Munyon, 425 N. Orange Ave, Suite 1130, Orlando, Florida XXXXX-XXXX, c/o Les Garringer, Office of the General Counsel, 500 S. Duval Street, Tallahassee, Florida XXXXX-XXXX, as well as separate request for oral argument if the person filing the comment wishes to participate in oral argument, which may be scheduled in this case. The Committee Chair has until June 28, 2010, to file a response to any comments filed by interested persons with the Court. Electronic copies of all comments and responses also must be filed in accordance with the Court's administrative order in In re Mandatory Submission of Electronic Copies of Documents, Fla. Admin. Order No. AOSC04-84 (Sept. 13, 2004).