348 So.2d 3 (1977)
STATE of Florida, Appellant,
v.
Richard GREENE, Appellee.
No. 50371.
Supreme Court of Florida.
July 7, 1977.
Robert L. Shevin, Atty. Gen., and Mary Jo M. Gallay, Asst. Atty. Gen., for appellant.
Clyde G. Killer, Fort Myers, for appellee.
BOYD, Justice.
An information was filed in the County Court of Lee County against Richard Greene. It charged that through culpable negligence or reckless disregard for the safety of another in discharging a pistol on January 4, 1976, he had injured a person contrary to Section 784.05, Florida Statutes. Greene moved to dismiss the information because it included language (reckless disregard for the safety of another) struck from the statute by an amendment[1] effective before the date of the charged offense. The motion was denied. Again Greene moved to dismiss the information. The second motion was granted because the trial judge believed the statute to be unconstitutionally vague. We have jurisdiction. Article V, Section 3(b)(1), Florida Constitution.
*4 We agree with the trial judge that the information was not defective because it contained language not present in the statute. The surplus language did not misinform Greene of the nature of the criminal act charged. We must disagree, however, with the trial judge's declaration that the statute is unconstitutional.
The purpose of the statute is to make criminal those acts which create an unreasonably great risk of harm to others. The degree of punishment for such acts depends on whether injury is inflicted. If so, the crime is a misdemeanor of the first degree; if not, a misdemeanor of the second degree. The statute follows:
"784.05 Culpable negligence

(1) Whoever, through culpable negligence, exposes another person to personal injury shall be guilty of a misdemeanor of the second degree, punishable as provided in § 775.082, § 775.083, or § 775.084.
(2) Whoever through culpable negligence inflicts actual personal injury on another shall be guilty of a misdemeanor of the first degree, punishable as provided in § 775.082, § 775.083, or § 775.084."
In defense of the trial court order Greene argues that the members of the public cannot be expected to understand the meaning of "culpable negligence" and therefore cannot know what acts are proscribed by the statute. The state counters that, although difficult to define, the term is one in common use and no more susceptible to a "vagueness" attack than many legal terms employed throughout the statutes of this State.
In Russ v. State, 140 Fla. 217, 191 So. 296 (1939), culpable negligence was defined by this Court as the omission of an act which a reasonably prudent person would do or the commission of an act which such a person would not do. To establish the crime of culpable negligence, however, the Court required a degree of negligence higher than the minimum degree necessary to sustain recovery of compensatory damages.
"This Court is committed to the rule that the degree of negligence required to sustain imprisonment should be at least as high as that required for the imposition of punitive damages in a civil action. The burden of proof authorizing a recovery of exemplary or punitive damages by a plaintiff for negligence must show a gross and flagrant character, evincing reckless disregard of human life or of the safety of persons exposed to its dangerous effects; or that entire want of care which would raise the presumption of indifference to consequences; or such wantonness or recklessness or grossly careless disregard of the safety and welfare of the public, or that reckless indifference to the rights of others, which is equivalent to an intentional violation of them." 191 So. at 298.
Thus, reckless indifference or grossly careless disregard of the safety of others is necessary to prove "culpable negligence." Whether members of the public would describe reckless acts which create a great risk of danger to others as culpable negligence or not, they know that such acts are criminally outlawed.
The statute is constitutional. The cause is remanded to the County Court, in and for Lee County, for proceedings consistent with this opinion.
It is so ordered.
OVERTON, C.J., and ADKINS, SUNDBERG, HATCHETT and KARL, JJ., concur.
ENGLAND, J., dissents.
NOTES
[1] Ch. 74-383, § 21, Laws of Florida.