375 So.2d 873 (1979)
In the Interest of J.C.M., a Child, Appellant,
v.
STATE of Florida, Appellee.
No. 78-1064.
District Court of Appeal of Florida, Second District.
October 12, 1979.
Jack O. Johnson, Public Defender, Bartow and William Murphy, Asst. Public Defender, Tampa, for appellant.
Robert L. Shevin, Atty. Gen., Tallahassee and C. Marie King, Asst. Atty. Gen., Tampa, for appellee.
DANAHY, Judge.
In this delinquency proceeding appellant was charged with aggravated assault and found guilty of culpable negligence. He contends that his adjudication of delinquency based on that finding was improper because culpable negligence was not a lesser included offense of the crime with which he was charged. We agree and reverse.
The state's petition, the accusatory pleading in this case, charged that appellant unlawfully assaulted a named individual with a deadly weapon, an automobile, without intent to kill. Such an act constitutes aggravated assault. Section 784.021(1)(a), Florida Statutes (1977). Section 784.011 defines an assault as an intentional, unlawful threat by word or act to do violence to the person of another, coupled with an apparent ability to do so, and doing some act which creates a well founded fear in such other person that such violence is imminent.
The crime of culpable negligence consists of exposing another person to personal injury or inflicting actual personal injury through culpable negligence. § 784.05(1). Our supreme court has defined culpable negligence as "reckless indifference or grossly careless disregard for the safety of others." State v. Greene, 348 So.2d 3 (Fla. 1977).
*874 An accusatory pleading must apprise a defendant of all offenses of which he may be convicted. Robinson v. State, 69 Fla. 521, 68 So. 649 (1915). Thus the adjudication of delinquency in this case may not stand unless culpable negligence is a lesser included offense of the crime charged in the accusatory pleading within the rule set forth in Brown v. State, 206 So.2d 377 (Fla. 1968). The bottom line of the state's argument in this case is that to operate an automobile as a deadly weapon in an assault upon a person is to operate an automobile in a culpably negligent manner as to that person; therefore, the allegation that appellant committed an assault with an automobile as a deadly weapon put appellant on notice that he could also be found guilty of culpable negligence. We find that argument without merit and hold that culpable negligence is not a lesser included offense of the crime of aggravated assault as charged in this case. Hidalgo v. State, 364 So.2d 817 (Fla. 3d DCA 1978).
Reversed.
BOARDMAN, Acting C.J., and SCHEB, J., concur.