566 So.2d 941 (1990)
Raymond McDANIEL, Appellant,
v.
STATE of Florida, Appellee.
No. 89-00498.
District Court of Appeal of Florida, Second District.
September 19, 1990.
James Marion Moorman, Public Defender, Bartow and Allyn Giambalvo, Asst. Public Defender, Clearwater, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee and Davis G. Anderson, Jr., Asst. Atty. Gen., Tampa, for appellee.
CAMPBELL, Judge.
Appellant, Raymond McDaniel, argues on appeal that the admission of his codefendant's confession implicating him in the death of his two-and-one-half-month-old son is reversible error under Bruton v. United States, 391 U.S. 123, 88 S.Ct. 1620, 20 L.Ed.2d 476 (1968). We disagree and affirm.
In Horton v. State, 285 So.2d 418 (Fla. 2d DCA 1973), this court found that Bruton error may be harmless if the other evidence against appellant is overwhelming. See Harrington v. California, 395 U.S. 250, 89 S.Ct. 1726, 23 L.Ed.2d 284 (1969). We believe that to be the case here.
Appellant was found guilty of third degree murder, the pertinent elements of which in this case are: An unlawful killing perpetrated without any design to effect death by a person engaged in felony child abuse. Felony child abuse is the willful, knowing or culpably negligent withholding of food, clothing, shelter or medical treatment resulting in great bodily harm, permanent disability or permanent disfigurement. §§ 782.04(4), 827.04(1), Fla. Stat. (1985).
Appellant's infant son died on October 23, 1985 from chronic illness and malnutrition. He and his codefendant, the child's mother, were tried before a jury. Appellant argues that he was not aware of his son's illness and malnutrition and complains that the trial court violated the Bruton rule when it allowed his codefendant to testify that she wanted to take the child to the doctor, but appellant would not allow her to do so. In view of the overwhelming evidence against appellant, we find that any Bruton error was harmless.
During the weeks before the infant's death, five people other than the parents had seen or taken care of the infant. All noticed that the child looked ill. One daytime babysitter noticed that he had severe diarrhea, severe projectile vomiting and could not keep his bottle down. She brought this to the attention of both parents three times and told them that they should seek medical attention. An evening babysitter testified that the baby would drink only two ounces of formula, then vomit it back up. She also noted that the baby cried constantly and felt hot. She told the parents that the infant and his older sister were both sick and that the parents should come home. The parents indicated that they wanted to stay out later.
*942 A third babysitter testified that when she sat with the baby, he was very feverish, had diarrhea and was vomiting. Another woman testified that when she saw the baby on October 22, he looked sick. His color was bad and his lips were dry. The babysitter who took care of the infant on October 23, the day of his death, testified that the baby would not eat and slept all day. He pushed the bottle away. When she told the mother, the mother told her that the baby had not eaten for several days.
The infant victim here was obviously in need of medical attention. All the babysitters noticed and commented to the parents that the baby was quite ill. Appellant, living in the same house with the victim, either knew or reasonably should have known of the infant's precarious medical situation. "Culpable negligence" is defined as "`reckless indifference or grossly careless disregard for the safety of others.'" J.C.M. v. State, 375 So.2d 873 (Fla. 2d DCA 1979), quoting State v. Greene, 348 So.2d 3 (Fla. 1977). The evidence was overwhelming that appellant was culpably negligent in withholding food or medical treatment from his infant son.
For this reason, we find that any Bruton error in allowing the codefendant's inculpatory statements into evidence is harmless and, accordingly, affirm.
DANAHY, A.C.J., and HALL, J., concur.