997 So.2d 403 (2008)
In re STANDARD JURY INSTRUCTIONS IN CRIMINAL CASES  REPORT NO. 2007-10.
No. SC07-2324.
Supreme Court of Florida.
December 11, 2008.
Judge Terry David Terrell, Chair, Supreme Court Committee on Standard Jury Instructions in Criminal Cases, First Judicial Circuit, Pensacola, FL, and Judge Bradford L. Thomas, First District Court of Appeal, Tallahassee, FL, for Petitioner.
Stephen Krosschell of Goodman and Nekvasil, P.A., Clearwater, FL, and Bob Dillinger, Public Defender, Sixth Judicial Circuit, Clearwater, FL, as Opponents.
PER CURIAM.
The Supreme Court Committee on Standard Jury Instructions in Criminal Cases (Committee) has submitted proposed changes to Standard Jury Instructions in Criminal Cases 7.7  Manslaughter; 8.9  Culpable Negligence; and 6.6  Attempted Voluntary Manslaughter, and requests that the Court authorize the amended standard instructions for publication and use.[1] The Committee published the proposals for comment in The Florida Bar News prior to submission to the Court. Having considered the Committee's report and the comments filed, as well as oral arguments presented to the Court on June 13, 2008, we do not approve the Committee's proposals as submitted. We do, however, authorize for publication and use instruction 7.7 as modified.

DISCUSSION
The Committee proposed amending instruction 7.7, Manslaughter, by replacing the term "intentionally" with "knowingly or consciously" to remove the requirement of an intentional act that caused or resulted in the victim's death. We do not approve the Committee's proposal. Rather, we modify instruction 7.7 as follows:
In order to convict of manslaughter by intentional act, it is not necessary for the State to prove that the defendant had a premeditated intent to cause death, only an intent to commit an act which caused death. See Hall v. State, 951 So.2d 91 (Fla. 2d DCA 2007).
We authorize publication and use of the instruction as modified.
In its proposal amending instruction 8.9, Culpable Negligence, the Committee suggested language that appears to not be in accord with our decision in State v. Greene, 348 So.2d 3 (Fla.1977). In Greene, we upheld the constitutionality of the culpable negligence statute, section 784.05, Florida Statutes, stating that "reckless indifference or grossly careless disregard of the safety of others is necessary to prove `culpable negligence.'" Id. at 4. Greene relied upon Russ v. State, 140 Fla. 217, 191 So. 296 (1939), where we defined "culpable negligence" as
a gross and flagrant character, evincing reckless disregard of human life or of the safety of persons exposed to its dangerous effects; or that entire want of care which would raise the presumption of indifference to consequences; or such wantonness or recklessness or grossly careless disregard of the safety and welfare of the public, or that reckless indifference to the rights of others, which is equivalent to an intentional violation of them.
Greene, 348 So.2d at 4 (quoting Russ, 191 So. at 298). The Committee's proposal *404 would remove from the instruction's definition of "culpable negligence" the terms "reckless" and "wanton." For these reasons, we do not approve the proposal.
The Committee also proposed eliminating the intent element from instruction 6.6, Attempted Voluntary Manslaughter, consistent with its proposal to amend the manslaughter instruction. We do not approve the Committee's proposal for instruction 6.6 as well. See Taylor v. State, 444 So.2d 931, 934 (Fla.1983) ("[A] verdict for attempted manslaughter can be rendered only if there is proof that the defendant had the requisite intent to commit an unlawful act.").

PUBLICATION AND USE
We hereby authorize the publication and use of amended instruction 7.7  Manslaughter, as modified and set forth in the appendix to this opinion. In doing so, we express no opinion on the correctness of this instruction and remind all interested parties that this authorization forecloses neither requesting additional or alternative instructions nor contesting the legal correctness of the instruction. We further caution all interested parties that any notes and comments associated with the instruction reflect only the opinion of the Committee and are not necessarily indicative of the views of this Court as to their correctness or applicability. New language is indicated by underlining. The instruction as set forth in the appendix[2] shall be effective when this opinion becomes final.
It is so ordered.
QUINCE, C.J., and WELLS, ANSTEAD, PARIENTE, and LEWIS, JJ., concur.
CANADY and POLSTON, JJ., did not participate.

APPENDIX

7.7 MANSLAUGHTER

§ 782.07, Fla. Stat.
To prove the crime of Manslaughter, the State must prove the following two elements beyond a reasonable doubt:
1. (Victim) is dead.
Give 2a, 2b, or 2c depending upon allegations and proof.
2. a. (Defendant) intentionally caused the death of (victim).
b. (Defendant) intentionally procured the death of (victim).
c. The death of (victim) was caused by the culpable negligence of (defendant).
However, the defendant cannot be guilty of manslaughter if the killing was either justifiable or excusable homicide as I have previously explained those terms.
Give only if 2(a) alleged and proved, and manslaughter is being defined as a lesser included offense of first degree premeditated murder.
In order to convict of manslaughter by intentional act, it is not necessary for the State to prove that the defendant had a premeditated intent to cause death, only an intent to commit an act *405 which caused death. See Hall v. State, 951 So.2d 91 (Fla. 2d DCA 2007).
Give only if 2b alleged and proved.
To "procure" means to persuade, induce, prevail upon or cause a person to do something.
Give only if 2c alleged and proved.
I will now define "culpable negligence" for you. Each of us has a duty to act reasonably toward others. If there is a violation of that duty, without any conscious intention to harm, that violation is negligence. But culpable negligence is more than a failure to use ordinary care toward others. In order for negligence to be culpable, it must be gross and flagrant. Culpable negligence is a course of conduct showing reckless disregard of human life, or of the safety of persons exposed to its dangerous effects, or such an entire want of care as to raise a presumption of a conscious indifference to consequences, or which shows wantonness or recklessness, or a grossly careless disregard for the safety and welfare of the public, or such an indifference to the rights of others as is equivalent to an intentional violation of such rights.
The negligent act or omission must have been committed with an utter disregard for the safety of others. Culpable negligence is consciously doing an act or following a course of conduct that the defendant must have known, or reasonably should have known, was likely to cause death or great bodily injury.
§ 782.07(2)-(4), Fla. Stat. Enhanced penalty if 2c alleged and proved. Give a, b, or c, as applicable.
If you find the defendant guilty of manslaughter, you must then determine whether the State has further proved beyond a reasonable doubt that:
a. (Victim) was at the time [an elderly person] [a disabled adult] whose death was caused by the neglect of (defendant), a caregiver.
b. (Victim) was a child whose death was caused by the neglect of (defendant), a caregiver.
c. (Victim) was at the time [an officer] [a firefighter] [an emergency medical technician] [a paramedic] who was at the time performing duties that were within the course of [his] [her] employment. The court now instructs you that (official title of victim) is [an officer] [a firefighter] [an emergency medical technician] [a paramedic].
Definitions. Give if applicable.
"Child" means any person under the age of 18 years.
"Elderly person" means a person 60 years of age or older who is suffering from the infirmities of aging as manifested by advanced age, organic brain damage, or physical, mental, or emotional dysfunctioning, to the extent that the ability of the person to provide adequately for the persons own care or protection is impaired.
"Disabled adult" means a person 18 years of age or older who suffers from a condition of physical or mental incapacitation due to developmental disability, organic brain damage, or mental illness, or who has one or more physical or mental limitations that restrict the persons ability to perform the normal activities of daily living.
"Facility" means any location providing day or residential care or treatment for elderly persons or disabled adults. The term "facility" may include, but is not limited to, any hospital, training *406 center, state institution, nursing home, assisted living facility, adult family-care home, adult day care center, group home, mental health treatment center, or continuing care community.
As applied to an Elderly Person or a Disabled Adult.
"Caregiver" means a person who has been entrusted with or has assumed responsibility for the care or the property of an elderly person or a disabled adult. "Caregiver" includes, but is not limited to, relatives, court-appointed or voluntary guardians, adult household members, neighbors, health care providers, and employees and volunteers of facilities.
As applied to a Child.
Caregiver means a parent, adult household member, or other person responsible for a child's welfare.
§ 825.102(3)(a) or § 827.03(3)(a), Fla. Stat. Give 1 or 2 as applicable.
"Neglect of [a child"] [an elderly person"] [a disabled adult"] means:
1. A caregivers failure or omission to provide [a child] [an elderly person] [a disabled adult] with the care, supervision, and services necessary to maintain [a child's] [an elderly person's] [a disabled adult's] physical and mental health, including, but not limited to, food, nutrition, clothing, shelter, supervision, medicine, and medical services that a prudent person would consider essential for the well-being of the [child] [elderly person] [disabled adult];
or
2. A caregiver's failure to make reasonable effort to protect [a child] [an elderly person] [a disabled adult] from abuse, neglect or exploitation by another person.
Repeated conduct or a single incident or omission by a caregiver that results in, or could reasonably be expected to result in, a substantial risk of death of [a child] [an elderly person] [a disabled adult] may be considered in determining neglect.
Definitions. As applied to Designated Personnel.
§ 112.191 and § 633.35, Fla. Stat.
"Firefighter" means any full-time duly employed uniformed firefighter employed by an employer, whose primary duty is the prevention and extinguishing of fires, the protection of life and property therefrom, the enforcement of municipal, county, and state fire prevention codes, as well as the enforcement of any law pertaining to the prevention and control of fires, who is certified by the Division of State Fire Marshal of the Department of Financial Services, who is a member of a duly constituted fire department of such employer or who is a volunteer firefighter.
§ 943.10(14), Fla. Stat.
"Officer" means any person employed or appointed as a full-time, part-time, or auxiliary law enforcement officer, correctional officer, or correctional probation officer.
§ 401.23, Fla. Stat.
"Emergency Medical Technician" means a person who is certified by the Department of Health to perform basic life support.
§ 401.23, Fla. Stat.
"Paramedic" means a person who is certified by the Department of Health to perform basic and advanced life support.

*407 Lesser Included Offenses

-----------------------------------------------------------------------
 MANSLAUGHTER  782.07
-----------------------------------------------------------------------
CATEGORY ONE CATEGORY TWO FLA. STAT. INS. NO.
-----------------------------------------------------------------------
None
-----------------------------------------------------------------------
 Vehicular homicide 782.071 7.9
-----------------------------------------------------------------------
 Vessel homicide 782.072 7.9
-----------------------------------------------------------------------
 (Nonhomicide lessers) Attempt 777.04(1) 5.1
-----------------------------------------------------------------------
 Aggravated assault 784.021 8.2
-----------------------------------------------------------------------
 Battery 784.03 8.3
-----------------------------------------------------------------------
 Assault 784.011 8.1
-----------------------------------------------------------------------
 Culpable negligence 784.05 8.9
-----------------------------------------------------------------------

Comment
In the event of any reinstruction on manslaughter, the instructions on justifiable and excusable homicide as previously given should be given at the same time. Hedges v. State, 172 So.2d 824 (Fla.1965).
In appropriate cases, an instruction on transferred intent should be given.
Trial judges should carefully study Eversley v. State, 748 So.2d 963 (Fla.1999), in any manslaughter case in which causation is an issue to determine if a special jury instruction on causation is needed.
To be found guilty of Aggravated Manslaughter, there is no statutory requirement that the defendant have knowledge of the classification of the victim; therefore, the schedule of lesser included offenses does not include Aggravated Battery on a Law Enforcement Officer, Aggravated Assault on a Law Enforcement Officer, Battery on a Law Enforcement Officer, or Assault on a Law Enforcement Officer. Those offenses have a different definition of officer. Additionally, the excluded lesser included offenses require proof of knowing that the commission of the offense was on an officer who was engaged in the lawful performance of a legal duty.
This instruction was adopted in 1981 and amended in 1985 [477 So.2d 985], 1992 [603 So.2d 1175], 1994 [636 So.2d 502], 2005 [911 So.2d 1220], and 2006 [946 So.2d 1061] and 2008.
NOTES
[1] We have jurisdiction. See art. V, § 2(a), Fla. Const.
[2] The amendments as reflected in the appendix are to the Standard Jury Instructions in Criminal cases as they appear on the Court's website at www.floridasupremecourt.org/ jury-instructions/instructions.shtml. We recognize that there may be minor discrepancies between the instructions as they appear on the website and the published versions of the instructions. Any discrepancies as to instructions authorized for publication and use after October 25, 2007, should be resolved by reference to the published opinion of this Court authorizing the instruction.