DAVIS, Judge.
 

 Michael Leon Walker challenges his convictions and sentences for second-degree murder and armed burglary of a dwelling. Because the trial court erred in instructing the jury on manslaughter, we reverse Walker’s conviction and sentence for second-degree murder and remand for a new trial as to that count only. We affirm Walker’s armed burglary conviction without comment.
 

 The charges against Walker stem from the burglary of the home of Roberta and Daniel Ramsey. The Ramseys returned home while Walker and his codefendant, Anthony Lewis, were committing the noontime burglary. When the Ramseys saw Lewis’ car backed up to their garage door, Mr. Ramsey parked his truck so as to block Lewis’ car. Mr. Ramsey then exited his vehicle, armed himself with his hunting knife still in its sheath, and confronted Walker; Lewis was still inside the house at the time. When Lewis came outside, he said to Mr. Ramsey, “I’ve got something I can take care of you with.” Lewis removed from his pocket a pistol that he had taken from the Ramseys’ home, and he fatally shot Mr. Ramsey.
 

 Walker was tried for first-degree murder and armed burglary. With regard to the murder charge, the court instructed the jury on the lesser included offenses of second-degree murder and manslaughter by act. The jury convicted Walker of the lesser charge of second-degree murder and of the armed burglary as charged. The trial court sentenced Walker to two concurrent fifty-year terms.
 

 
 *161
 
 On appeal, Walker argues that it was error for the trial court to give the standard jury instruction on manslaughter that was in effect at the time of his trial. Walker maintains that the instruction was erroneous because it includes as an element of manslaughter that the defendant intentionally caused the death of the victim.
 
 [1]
 

 In
 
 State v. Montgomery,
 
 39 So.3d 252 (Fla.2010), the Florida Supreme Court addressed whether this version of the instruction was erroneous. The court noted that section 782.07(1), Florida Statutes (2005), “does not impose a requirement that the defendant intend to kill the victim. Instead, it plainly provides that where one commits an act that results in death, and such an act is not lawfully justified or excusable, it is manslaughter.”
 
 Montgomery,
 
 39 So.3d at 256. The court went on to state as follows:
 

 Although in some cases of manslaughter by act it may be inferred from the facts that the defendant intended to kill the victim, to impose such a requirement on a finding of manslaughter by act would blur the distinction between first-degree murder and manslaughter. Moreover, it would impose a more stringent finding of intent upon manslaughter than upon second-degree murder .... Thus, we conclude that under Florida law, the crime of manslaughter by act does not require proof that the defendant intended to kill the victim.
 

 Id.
 
 at 256.
 

 In
 
 Montgomery,
 
 the appellant had been “indicted and tried for first-degree murder and ultimately convicted of second-degree murder after the jury was erroneously instructed on the lesser included offense of manslaughter.”
 
 Id.
 
 The court concluded that the giving of the instruction amounted to fundamental reversible error in that case because it was “ ‘pertinent or material to what the jury must consider in order to convict.’ ”
 
 Id.
 
 (quoting
 
 State v. Delva,
 
 575 So.2d 643, 645 (Fla.1991)).
 

 Here, too, Walker was charged with first-degree murder. The trial court instructed the jury on second-degree murder and read the erroneous manslaughter instruction. Walker did not object to the instruction, and the jury returned a verdict of guilty of second-degree murder. Because the jury was erroneously instructed that to find Walker guilty of manslaughter it had to find that he intended to kill Daniel Ramsey, it is conceivable that it only found Walker guilty of second-degree murder because that was the only option that did not include the intent to kill. Pursuant to
 
 Montgomery,
 
 the giving of the erroneous instruction here amounted to fundamental, reversible error.
 
 [2]
 
 As such, we reverse Walker’s second-degree murder conviction and remand for new trial as to that count only.
 

 Affirmed in part, reversed in part, and remanded.
 

 KHOUZAM and CRENSHAW, JJ., Concur.
 

 [1]
 

 . The standard jury instruction on manslaughter was amended in December 2008, modifying the intent element to be the intent to commit an act that causes the victim's death.
 
 See In re Standard. Jury Instructions in Criminal Cases-Report No. 2007-10,
 
 997 So.2d 403, 403 (Fla.2008).
 

 [2]
 

 . We recognize that the instructions read to the jury in this case may not have constituted fundamental error had the trial court also given the instruction for manslaughter by culpable negligence.
 
 See Barros-Dias v. State,
 
 41 So.3d 370 (Fla. 2d DCA 2010). However, no such instruction was given in this case.