CRENSHAW, Judge.
 

 Tyrone Lee Carter appeals his judgments and sentences for second-degree murder with a firearm and two counts of attempted first-degree murder. Because we find the jury instruction for manslaughter by act, as a lesser included offense of second-degree murder, constituted fundamental error, we reverse Carter’s conviction for second-degree murder and remand for a new trial as to that count. We affirm the remaining judgments and sentences without comment.
 

 Carter was charged with the second-degree murder of Carlis Callahan. The State alleged that on June 5, 2005, Carter entered Callahan’s residence and opened fire with an AK-47 rifle. The trial court gave the following standard jury instruction on manslaughter by act, as a
 
 *1249
 
 lesser included offense of second-degree murder:
 

 To prove the crime of manslaughter, the State must prove the following two elements beyond a reasonable doubt:
 

 1. Carlis Callahan is dead,
 

 2. Tyrone Carter
 
 intentionally caused the death
 
 of Carlis Callahan.
 

 (Emphasis added.)
 
 [1]
 

 Carter argues that the trial court fundamentally erred by instructing the jury that intent to kill is an element of manslaughter. We agree and conclude based on the facts of this case and the holding in
 
 State v. Montgomery,
 
 39 So.3d 252 (Fla.2010), that Carter was “entitled to an accurate instruction on the lesser included offense of manslaughter.”
 
 Id.
 
 at 258.
 
 [2]
 

 Accordingly, we reverse Carter’s second-degree murder conviction and remand for a new trial as to that count. We affirm Carter’s remaining judgments and sentences.
 

 Affirmed in part, reversed in part, and remanded.
 

 WALLACE and KHOUZAM, JJ„ Concur.
 

 [1]
 

 . We note that the instruction given in Carter’s case is no longer the standard jury instruction for manslaughter by act. The instruction was modified by the supreme court in December 2008 and eliminates the element of “intent to cause death,” replacing it with "an intent to commit an act which caused death.”
 
 See In re Standard Jury Instructions in Criminal Cases-Report No. 2007-10,
 
 997 So.2d 403, 403 (Fla.2008).
 

 [2]
 

 . Here the jury was not given the option of finding manslaughter by culpable negligence.
 
 See Barros-Dias v. State,
 
 41 So.3d 370 (Fla. 2d DCA 2010) (concluding when the jury was given the option of finding manslaughter by culpable negligence the instruction on manslaughter did not constitute fundamental error even though it erroneously treated intent to kill as an element of the offense).