NORTHCUTT, Judge.
Edward Stoddard appeals his conviction for second-degree murder. He argues that his trial was tainted by the use of an erroneous jury instruction on manslaughter by act. This issue is controlled by the Florida Supreme Court’s decision in State v. Montgomery, 39 So.3d 252 (Fla.2010), and that case mandates reversal.
Briefly stated, the evidence reflected that Stoddard and a neighbor were no longer on friendly terms after Stoddard suspected the neighbor of burgling his house. There was a confrontation in the street, and some testimony suggested that the neighbor might have pulled a gun on Stoddard. Less than a month later, Stod-dard shot and killed the neighbor. Charged with first-degree murder, at trial Stoddard maintained that he acted in self-defense. The jury rejected his defense and found him guilty of the lesser included offense of second-degree murder. The jury had also been given the standard instruction on manslaughter by act, which suggested that in order to prove that offense, the State had to show that Stoddard intended to kill the victim.
In Montgomery, 39 So.3d at 255-56, the supreme court held that an intent to kill was not an element of manslaughter by act. The court also concluded that the standard jury instruction erroneously required proof of intent to kill as an element of that crime. The court pointed out that it had amended the standard jury instruction for manslaughter to correct this inconsistency. Id. at 257. The court further determined that fundamental error occurred in Montgomery’s case when the jury was given the flawed manslaughter instruction and then convicted Montgomery of second-degree murder, an offense only one step removed from manslaughter. Id. at 259.
As in Montgomery, Stoddard’s jury was given the defective instruction on manslaughter by act and then convicted him of second-degree murder. The jury was not instructed on manslaughter by culpable negligence. See Barros-Dias v. State, 41 So.3d 370 (Fla. 2d DCA 2010) (rejecting claim of fundamental error based on flawed manslaughter-by-act instruction when jury also received instruction on manslaughter by culpable negligence). Accordingly, we reverse. See Carter v. State, 53 So.3d 1248 (Fla. 2d DCA 2011) (relying on Montgomery and reversing second-degree murder conviction when fundamental error occurred in use of flawed manslaughter-by-act instruction); Walker v. State, 46 So.3d 160 (Fla. 2d DCA 2010) (same).
Reversed and remanded for a new trial.
YILLANTI and CRENSHAW, JJ., Concur.