KELLY, Judge.
 

 Kristopher Sanders appeals his conviction for second-degree murder with a firearm. We find merit only in his argument that the trial court fundamentally erred when instructing the jury on the lesser-included offense of manslaughter by act.
 
 State v. Montgomery,
 
 39 So.3d 252 (Fla.2010), mandates reversal.
 

 The State charged Sanders with second-degree murder following the shooting death of Tyrie Gunn. At the conclusion of trial, the court instructed the jury on second-degree murder and on manslaughter by act, a category one lesser-included offense of the murder charge. The court instructed that in order to convict Sanders of manslaughter, the State was required to prove that Sanders “intentionally caused” the victim’s death. There was no objection to this instruction despite the fact that at the time of Sanders’ trial, the standard jury instruction on manslaughter by act had been amended to clarify that a conviction for manslaughter by act did not require an intent to kill but “only an intent to commit an act which caused [the victim’s] death.”
 
 See In re Standard Jury Instructions in Criminal Cases-Report No. 2007-10,
 
 997 So.2d 403, 403 (Fla.2008).
 
 [1]
 
 The jury was not instructed on manslaughter by culpable negligence.
 

 On appeal, Sanders, citing
 
 Montgomery,
 
 argues that the manslaughter by act in
 
 *1101
 
 struction was defective and that its use constituted fundamental error. We agree that
 
 Montgomery
 
 is controlling. Here, the trial court gave the same manslaughter jury instruction that was given in
 
 Montgomery.
 
 As in
 
 Montgomery,
 
 the jury was not instructed on manslaughter by culpable negligence.
 
 See Barros-Dias v. State,
 
 41 So.3d 370 (Fla. 2d DCA 2010) (holding that giving the erroneous manslaughter by act instruction did not constitute fundamental error when the jury was also instructed on manslaughter by culpable negligence). We therefore reverse Sanders’ second-degree murder conviction, vacate his sentence, and remand for a new trial.
 
 See Stoddard v. State,
 
 — So.3d —, 2011 WL 3760863 (Fla. 2d DCA 2011);
 
 Carter v. State,
 
 53 So.3d 1248 (Fla. 2d DCA 2011);
 
 Walker v. State,
 
 46 So.3d 160 (Fla. 2d DCA 2010).
 

 Reversed and remanded.
 

 WHATLEY and DAVIS, JJ., Concur.
 

 [1]
 

 . In 2010 the supreme court amended the manslaughter by act instruction deleting the language requiring an intent to kill and requiring proof that the “(defendant’s) act(s)
 
 *1101
 
 caused the death of (victim).”
 
 In re Amendments to Standard Jury Instructions in Criminal Cases-Instruction
 
 7.7, 41 So.3d 853, 854 (Fla.2010).