ROBERTS, J.
The appellant, Jovita Ibeagwa, appeals her conviction for two counts of aggravated manslaughter of a child following the drowning deaths of her two children, aged six and three. On appeal she raises three arguments, two of which merit discussion. First, she argues that the trial court erred in denying her motion for judgment of acquittal where the State failed to present a prima facie case that her action of leaving the children unsupervised constituted culpable negligence to support the charges of aggravated manslaughter. She also argues that improper comments made by the prosecution during closing argument constituted fundamental error and had the effect of lowering the State’s burden of proof. Viewing the evidence in the light most favorable to the State, we affirm the appellant’s conviction.
This Court reviews the trial court’s denial of a motion for judgment of acquit *247 tal de novo, with the evidence and all reasonable inferences from the evidence being viewed in a light most favorable to the State. See Ramos v. State, 89 So.Bd 1119, 1122 (Fla. 1st DCA 2012) (citing Jones v. State, 790 So.2d 1194, 1196-97 (Fla. 1st DCA 2001)). Viewing the facts in the light most favorable to the State, the evidence showed that sometime between 4:00 p.m. and 7:00 p.m., a neighbor observed the naked children playing, unsupervised, with a ladder in the appellant’s backyard. At around 6:30 p.m., the appellant left her two children home alone in order to report to work. At around 8:30 p.m., the appellant spoke to her husband on the phone, at which time she was aware that the children had been unsupervised at home for approximately two hours. The appellant did not return home at this time and instead continued to work. At around 10:00 p.m., she received a call to return home immediately as there had been an accident. At some time between the time the appellant left for work and approximately 10:00 p.m., the children gained access to a neighbor’s pool and drowned.
The appellant was charged with two counts of aggravated manslaughter of a child by culpable negligence under section 782.07(3), Florida Statutes (2010), which provides,
A person who causes the death of any person under the age of 18 by culpable negligence under s. 827.03(3) commits aggravated manslaughter of a child, a felony of the first degree....
Section 827.03(3) defines “neglect of a child” to include a “caregiver’s failure or omission to provide a child with the care, supervision, and services necessary to maintain the child’s physical and mental health.... ” “Neglect may be based upon repeated conduct or on a single isolated incident or omission .... ” § 827.03(3)(a), Fla. Stat. (2010). Child neglect is criminalized when a person “willfully or by culpable negligence neglects a child.” § 827.03(3)(b), Fla. Stat. (2010).
The term “culpable negligence” is not defined in the statute, but the standard jury instruction, which was given in the instant case, defines it to include negligence that is “gross or flagrant,” a course of conduct showing “reckless disregard of human life,” an “entire want of care as to raise a presumption of a conscious indifference to consequences,” or such “wantonness or recklessness” as to equal the intentional violation of the rights of others. See Fla. Std. Jury Instr. (Crim.) 7.7.
Culpable negligence must be determined upon the facts and the totality of the circumstances in each particular case. Behn v. State, 621 So.2d 534, 537 (Fla. 1st DCA 1993). If the evidence is sufficient to establish a jury question regarding whether a defendant is culpably negligent, then affirmance is required. See Ramos, 89 So.3d at 1121.
Here, the facts taken in the light most favorable to the State showed that the appellant drove away from her home, leaving her two young children home alone without confidence that they would be supervised. She remained away from home for a period of hours, despite knowing that the children were unsupervised for a large portion of that time. In addition, the neighbor’s testimony suggested that the appellant was or should have been aware that the children had access to a ladder in the backyard. Had the evidence only shown that the appellant left her children unsupervised for a period of minutes, culpable negligence may not have been established. However, leaving two young children home alone for a period of hours and failing to return after she knew that the children had been unsupervised constituted sufficient evidence to make a prima *248 facie case of child neglect by culpable negligence. This constituted sufficient evidence to send the issue to the jury, whose duty it was to resolve any conflicts in the evidence and credibility of the witnesses. As such, the trial court properly denied the motion for judgment of acquittal.
The appellant also argues that comments by the prosecutor in closing misstated the burden of proof and constituted fundamental error. These unobjected-to comments did not rise to the level of fundamental error. Moreover, any harm was cured when the jury was properly instructed on the law and that closing arguments should not be considered as law or evidence.
AFFIRMED.
THOMAS, J., concurs with opinion; CLARK, J., dissents with opinion.