NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT

EDWARD KEITH STODDARD,
DOC #R11760,

      Appellant,

v.

STATE OF FLORIDA,

      Appellee.

)
)
)
)
)
)
)
)
)
)
)
)

Case No. 2D17-5103

Opinion filed August 22, 2018.

Appeal pursuant to Fla. R. App. P.
9.141(b)(2) from the Circuit Court for
Pasco County; Susan G. Barthle, Judge.

Edward Keith Stoddard, pro se.

PER CURIAM.

      Edward Stoddard appeals the order summarily denying his motion filed

under Florida Rule of Criminal Procedure 3.850. We affirm without comment the

portions of the order that summarily deny grounds two through ten of Mr. Stoddard's

motion, but we reverse the portion of the order that summarily denies ground one and

remand for further proceedings.

      The State charged Mr. Stoddard with first-degree murder after he shot a

man in 2008. A jury found him guilty of second-degree murder, and the trial court

sentenced him as a prison releasee reoffender to life imprisonment with a twenty-five-year minimum mandatory term for his discharge of a firearm.  Mr. Stoddard appealed his judgment and sentence, and this court reversed because the manslaughter instruction given to his jury constituted fundamental error under State v. Montgomery, 39 So. 3d 252, 259 (Fla. 2010).  Stoddard v. State, 100 So. 3d 18, 19 (Fla. 2d DCA 2011).  A second jury found Mr. Stoddard guilty of second-degree murder, and the trial court again sentenced him as a prison releasee reoffender to life imprisonment with a twenty-five-year minimum mandatory term.  Mr. Stoddard appealed that judgment and sentence, which this court affirmed without a written opinion.  Stoddard v. State, 200 So. 3d 68 (Fla. 2d DCA 2016) (table decision).

Mr. Stoddard then filed a motion under rule 3.850, asserting in ground one that his trial counsel gave him incorrect advice.  He claims that his attorney advised him that the State had to "refile" a notice of intent to seek a prison releasee reoffender sentence for his second trial and that because the State failed to do so, the trial court had discretion to impose a sentence less than life imprisonment if he was again convicted of second-degree murder.[1]  Mr. Stoddard further asserts that he relied on this advice when he rejected the State's plea offer of imprisonment for twenty-five years. The postconviction court did not address the legal sufficiency of this claim, instead

---

[1]Unlike the violent career criminal and habitual offender sentencing enhancements in section 775.084, Florida Statutes (2007), section 775.082(9) does not require the State to provide written notice before seeking a prison releasee reoffender sentence.  See Akers v. State, 890 So. 2d 1257, 1259 (Fla. 5th DCA 2005) ("We have analyzed the Prison Releasee Reoffender Act and have found no requirement therein that a defendant be given written notice of the state's intent to seek enhanced penalties as a prison releasee reoffender.").  Thus, Mr. Stoddard's claim is that his trial counsel advised him that the State had to "refile" a notice that, in fact, it never had to file in the first place.

ruling that it was conclusively refuted by the State's June 9, 2008, notice that Mr. Stoddard qualified as a prison releasee reoffender, the prison releasee reoffender sentence imposed after his first conviction, and trial counsel's statements at the second sentencing hearing that the postconviction court interpreted as an agreement that Mr. Stoddard qualified as a prison releasee reoffender.

While the postconviction court's attachments reflect that Mr. Stoddard was aware that he qualified as a prison releasee reoffender, the attachments do not conclusively refute Mr. Stoddard's claim that his trial counsel incorrectly advised him before his retrial that if he was again convicted of second-degree murder, the court would have discretion to impose a sentence less than life imprisonment because the State did not "refile" a notice of intent to seek prison releasee reoffender sentencing. We note that in the context of a plea agreement, prejudice "is determined based upon a consideration of the circumstances as viewed *at the time of the offer* and what would have been done *with proper and adequate advice.*"  Alcorn v. State, 121 So. 3d 419, 432 (Fla. 2013).

However, we also note that although Mr. Stoddard pleaded facts that support a cognizable claim for relief, see Steel v. State, 684 So. 2d 290, 291 (Fla. 4th DCA 1996) ("A claim that misinformation supplied by counsel induced a defendant to reject a favorable plea offer can constitute actionable ineffective assistance of counsel."), he did not sufficiently plead that he was prejudiced by his counsel's advice pursuant to the requirements set forth in Alcorn.  121 So. 3d at 430.  Because the postconviction court did not address the legal sufficiency of Mr. Stoddard's motion but instead ruled that this claim was conclusively refuted by the record, it did not enter a

- 3 -

nonfinal order granting Mr. Stoddard sixty days to amend this insufficiently pleaded claim. See Fla. R. Crim. P. 3.850(f)(2) ("If the motion is insufficient on its face, and the motion is timely filed under this rule, the court shall enter a nonfinal, nonappealable order allowing the defendant 60 days to amend the motion.").

Accordingly, we reverse only the portion of the postconviction court's order that summarily denies ground one of Mr. Stoddard's motion and remand for the postconviction court to strike this claim and to grant Mr. Stoddard sixty days to amend. If Mr. Stoddard does file a facially sufficient claim, the postconviction court shall determine if the case files and records conclusively refute it. If they do not, the postconviction court shall hold an evidentiary hearing on ground one only. In all other respects, we affirm the postconviction court's order.

Affirmed in part; reversed in part; remanded.


SILBERMAN, LUCAS, and ROTHSTEIN-YOUAKIM, JJ., Concur.