# FIFTH DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

_____

Case No. 5D2024-2157
LT Case No. 2022-CF-002872-A

_____

THOMAS GIBSON,

    Appellant,

    v.

STATE OF FLORIDA,

    Appellee.

_____


On appeal from the Circuit Court for Marion County.
Timothy McCourt, Judge.

Matthew J. Metz, Public Defender, and Edward J. Weiss,
Assistant Public Defender, for Appellant.

James Uthmeier, Attorney General, Tallahassee, and Rebecca
Rock McGuigan, Bureau Chief, Attorney General, Daytona
Beach, for Appellee.

March 7, 2025


EDWARDS, C.J.

Appellant, Thomas H. Gibson, III, was found guilty by a jury
of his peers of aggravated abuse of a disabled adult, his fiancée.
The evidence presented to the jury showed that the couple had an
argument, that the victim said she was ending their relationship,
and that she asked him to leave her apartment. He could not leave

that evening and claimed he had a bad headache. Appellant testified that she gave him some pills that made him black out, rendering him involuntarily intoxicated and temporarily insane. She claimed she only rubbed some lidocaine cream on his head to ease his headache.

The next morning, Appellant began beating the victim, knocking out her teeth, pulling her hair, and punching her face to the point that it was split open. Photographs showed she had black eyes, missing teeth, and was covered with blood. She was only able to escape this three-hour beating by pulling an emergency alert cord within her handicap-equipped apartment. There was no dispute that the victim was a disabled adult or that Appellant beat her, causing great bodily harm, and permanent disfigurement.

The only real dispute was whether he was involuntarily intoxicated or whether he knowingly and intentionally beat her. During closing, the State noted that the jury had to decide, among other things, whether Appellant had caused the victim to suffer great bodily harm or disfigurement. Appellant claims that by not including at that point in the argument that the State had to prove that Appellant intentionally or knowingly inflicted that harm, it effectively lowered the burden of proof, which led to his conviction.

Because there were no objections to the State's closing arguments, Appellant must rely on the concept of fundamental error to prevail. In order to support reversal, the unobjected-to comments must rise to the level of fundamental error, which has been defined as error that "reaches down into the validity of the trial itself to the extent that a verdict of guilty could not have been obtained without the assistance of the alleged error." *Brooks v. State*, 762 So. 2d 879, 898–99 (Fla. 2000) (quoting *McDonald v. State*, 743 So. 2d 501, 505 (Fla. 1999) (citations omitted)).

In the instant case, the jury was properly instructed by the court regarding each element of the crime that had to be proved by the State beyond a reasonable doubt. Appellant's trial counsel reminded them of what had to be proved by the State. The State and defense discussed the concepts of involuntary intoxication and intentional conduct during their closing arguments. Both the court and counsel advised the jury that what attorneys said in closing was not evidence but guidance. It is not plausible that the

isolated comments of the State in closing so misled the jury that it found Appellant guilty inappropriately. Any harm that may have existed was cured when the jury was properly instructed on the law and advised that closing arguments should not be considered as law or evidence. *Ibeagwa v. State*, 141 So. 3d 246, 248 (Fla. 1st DCA 2014). Therefore, we find no fundamental error and affirm.

Appellant also asserts that the trial court erred when it imposed a $100 cost of prosecution pursuant to section 938.27(8), Florida Statutes (2023), without a request from the State. The cost of prosecution imposed under section 938.27(8), Florida Statutes, is mandatory, which means it must be imposed; thus, there is no need for the State to request same. Appellant and the State commendably acknowledged the conflicting decisions on this point. *See O'Malley v. State*, 378 So. 3d 672, 674 (Fla. 5th DCA 2024); *Parks v. State*, 371 So. 3d 392, 393−94 (Fla. 1st DCA 2023) (recognizing conflict with *D.L.J. v. State*, 331 So. 3d 227, 228 (Fla. 2d DCA 2021)), *review granted*, No. SC2023-1355, 2024 WL 370043, at *1 (Fla. Jan. 31, 2024). We reject Appellant's argument on this point.

AFFIRMED; CONFLICT NOTED.

WALLIS and HARRIS, JJ., concur.

_____

***Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.***

_____