# Third District Court of Appeal

## State of Florida

Opinion filed April 9, 2025.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D23-1490
Lower Tribunal No. 22-1531
_____

**A.C., a juvenile,**
Appellant,

vs.

**The State of Florida,**
Appellee.

An Appeal from the Circuit Court for Miami-Dade County, Orlando A. Prescott, Judge.

Carlos J. Martinez, Public Defender, and Maria E. Lauredo, Chief Assistant Public Defender and Clifford Goldkind, Assistant Public Defender, for appellant.

James Uthmeier, Attorney General, and Richard L. Polin, Chief Assistant Attorney General, and Daniel Colmenares, Assistant Attorney General, for appellee.

Before EMAS, GORDO, and LOBREE, JJ.

GORDO, J.

A.C., a juvenile, appeals a final order withholding adjudication of delinquency and issuing a judicial warning. We have jurisdiction. Fla. R. App. P. 9.145(b)(1). Because the trial court did not err in denying A.C.'s motion for judgment of dismissal, we affirm.

**I.**

The State charged A.C. with one count of misdemeanor culpable negligence under section 784.05(1), Florida Statutes. The charge stemmed from an incident at A.C.'s middle school involving his eighth-grade science teacher. A.C., who was fourteen years old at the time, smeared deodorant gel on his teacher's desk, chair, the nearby floor and several areas of the classroom, causing the teacher to slip and fall.

The trial court held an adjudicatory hearing. At the end of the State's case, A.C. moved for a judgment of dismissal, arguing the State had not established a prima facie case of culpable negligence. A.C. specifically argued the State failed to show he knew or reasonably should have known that his actions were likely to cause death or great bodily harm. The State responded it was not required to establish a "likelihood of death or great bodily harm" under section 784.05(1) and that A.C.'s conduct of smearing deodorant gel all over his classroom, including the floor, demonstrated a

reckless disregard for safety exposing others to personal injury as required under the statute.

After thoroughly weighing the evidence and testimony presented, the trial court denied A.C.'s motion for judgment of dismissal, finding the State had demonstrated A.C. was culpably negligent within the meaning of the statute. In doing so, the court determined that section 784.05(1) does not require the State to show a "likelihood of death or great bodily harm." The court then withheld adjudication and issued a judicial warning. This appeal followed.

## II.

"[I]n reviewing a trial court's denial of a motion for judgment of dismissal, a de novo standard of review applies." P.N. v. State, 976 So. 2d 90, 91 (Fla. 3d DCA 2008). "We view the evidence and all reasonable inferences in a light most favorable to the State." D.L. v. State, 138 So. 3d 499, 501 (Fla. 3d DCA 2014). "So long as competent, substantial evidence supports the verdict, the denial of a motion for judgment of dismissal will not be reversed on appeal." Id. Additionally, "[q]uestions of statutory interpretation are subject to de novo review." Mendenhall v. State, 48 So. 3d 740, 747 (Fla. 2010).

3

**III.**

On appeal, A.C. argues the evidence presented was insufficient to establish he was culpably negligent. A.C. specifically argues the State failed to present any evidence to establish that he: (1) acted with gross, flagrant or reckless disregard for the safety of others; and (2) knew or reasonably should have known that his actions were likely to cause death or great bodily harm. In advancing the latter argument, he asks this Court to interpret section 784.05(1) as requiring that the defendant's conduct create a "likelihood of death or great bodily harm" in order to qualify as misdemeanor culpable negligence.

**A.**

We begin our analysis with the plain language of section 784.05(1) as "[t]he 'plain meaning of the statute is always the starting point in statutory interpretation.'" Alachua Cnty. v. Watson, 333 So. 3d 162, 169 (Fla. 2022) (quoting GTC, Inc. v. Edgar, 967 So. 2d 781, 785 (Fla. 2007)). As recently explained by our Florida Supreme Court, "the plainness or ambiguity of statutory language is determined by reference to the language itself, the specific context in which that language is used, and the broader context of the statute as a whole." Conage v. U.S., 346 So. 3d 594, 598 (Fla. 2022) (quotation omitted). Therefore, "[w]hile we review the plain meaning of the

4

words in the statute, we do so not in isolation, but rather in the context of the entire statutory provision." State v. Miller, 394 So. 3d 164, 167 (Fla. 3d DCA 2024).

Section 784.05 provides, in pertinent part, that "[w]hoever, through culpable negligence, exposes another person to personal injury commits a misdemeanor of the second degree . . . ." § 784.05(1), Fla. Stat.[1] In examining the language of section 784.05(1), it requires only culpable negligence creating an exposure to "personal injury." Requiring proof of a "likelihood of death or great bodily harm," as A.C. suggests, introduces into the statute a requirement it simply does not contain. Put differently, interpreting the term "culpable negligence" as used in section 784.05(1) as requiring a "likelihood of death or great bodily harm" limits the scope of the language the legislature was criminalizing in this section to more egregious actions than its plain text provides. Where section 784.05(1) itself criminalizes culpable negligence that "exposes another person to personal

---

[1] Section 784.05 criminalizes three separate offenses. Subsection (1), the provision at issue here, makes culpable negligence exposing another to personal injury a second-degree misdemeanor. Subsection (2) makes culpable negligence resulting in actual personal injury to another a first-degree misdemeanor. Subsection (3) makes any violation of subsection (1) involving leaving a loaded firearm within the reach or easy access of a minor a third-degree felony if the minor uses the firearm to inflict injury or death upon himself or another person. See § 784.05, Fla. Stat.

5

injury," we see no reason to read into the statutory element of culpable negligence an enhanced requirement of a "likelihood of death or great bodily harm." See McCloud v. State, 260 So. 3d 911, 914 (Fla. 2018) ("If the statute is 'clear and unambiguous,' then this Court does not look beyond the plain language or employ the rules of construction to determine legislative intent— it simply applies the law." (quoting Gaulden v. State, 195 So. 3d 1123, 1125 (Fla. 2016))); State v. Riley, 698 So. 2d 374, 376 (Fla. 2d DCA 1997) (holding that when statutory terms are unambiguous, "we may not rewrite them by judicial construction").

**B.**

Despite the plain text of section 784.05(1), A.C. invites us to adopt the definition of "culpable negligence" as used in manslaughter and child neglect cases, arguing there is no compelling reason for applying different interpretations or definitions to the same word or phrase. The same word or phrase, however, can possess different meanings in different contexts. While "culpable negligence" is an element of all three crimes,[2] the legislature clearly delineated the scope of activity it meant to proscribe and the

---

[2] The crimes being: (1) manslaughter by culpable negligence in violation of section 782.07, Florida Statutes; (2) child neglect by culpable negligence in violation of section 827.03(2), Florida Statutes; and (3) culpable negligence standing alone (section 784.05).

6

corresponding legal penalties within each statutorily defined offense. As a result, the meaning of "culpable negligence" in each section is crystalized based on the surrounding statutory text. See Tsuji v. Fleet, 366 So. 3d 1020, 1025 (Fla. 2023) ("[T]he meaning of a word cannot be determined in isolation, but must be drawn from the context in which it is used.") (quotation omitted).

In contrast to the culpable negligence statute, the manslaughter statute criminalizes "[t]he killing of a human being by the act, procurement, or culpable negligence of another." § 782.07(1), Fla. Stat. "Because the end result of manslaughter is the death of a human being, culpable negligence of the type involved in a manslaughter case by definition involves conduct likely to cause death or great bodily harm." J.C. v. State, 233 So. 3d 519, 523 (Fla. 2d DCA 2018) (Salario, J., concurring). Unlike misdemeanor culpable negligence, manslaughter by culpable negligence is classified as a second-degree felony, with a potential penalty of up to fifteen (15) years' imprisonment. It is clear that felony manslaughter requires a heightened standard for "culpable negligence" when manslaughter, a crime resulting in the death of the victim, carries a more severe penalty than the misdemeanor

7

offense of culpable negligence.[3] See J.C., 233 So. 3d at 523-24 (Salario, J., concurring) ("It thus does not follow . . . that the culpable negligence involved in a prosecution for a felony that requires the death of a person must be identical to the culpable negligence involved in a prosecution for a second-degree misdemeanor that requires only exposure to personal injury . . . the difference in the way the two offenses are treated for purposes of instructing a jury goes to show that relying on a manslaughter case to hold that section 784.05(1) requires a likelihood of death or great bodily harm is comparing apples to oranges."); Murray v. State, 328 So. 2d 501, 502 (Fla. 4th DCA 1976) ("Manslaughter by culpable negligence, a felony, contemplates personal injury resulting in Death whereas culpable negligence, a misdemeanor, contemplates personal injury Not resulting in death.") (footnotes omitted).

The same holds true in child neglect cases. The child neglect statute criminalizes child neglect done "willfully or by culpable negligence." § 827.03(2)(b), (d), Fla. Stat. Whether neglect of a child is punished as a second- or third-degree felony depends on whether it results in great bodily

---

[3] A person who has been convicted of a second-degree misdemeanor, such as culpable negligence under section 784.05(1), may be sentenced "by a definite term of imprisonment not exceeding 60 days" and/or may be sentenced to pay a fine not exceeding $500. §§ 775.082(4)(b), 775.083(1)(e), Fla. Stat.

8

harm.[4] Unlike section 784.05(1), which references only "personal injury," the child neglect statute expressly includes the term "great bodily harm." As such, culpable negligence of the type involved in a child neglect case involves a higher degree of conduct—i.e., that which is likely to cause great bodily harm. The distinctions in these statutes demonstrate that the three offenses are intended to be treated differently, with different definitions of "culpable negligence" based on the varying conduct proscribed and the resulting legal consequences. See U.S. v. Dillard, 214 F.3d 88, 103 n.17 (2d Cir. 2000) ("Given the different contexts and different purposes of the statutes, courts retain ample latitude to interpret them differently if [the legislature] intended them to have different meanings.").

---

[4] Section 827.03(2) criminalizes child neglect with and without causing great bodily harm, permanent disability or permanent disfigurement. "A person who willfully or by culpable negligence neglects a child and in so doing causes great bodily harm, permanent disability, or permanent disfigurement to the child commits a felony of the second degree[.]" § 827.03(2)(b), Fla. Stat. "A person who willfully or by culpable negligence neglects a child without causing great bodily harm, permanent disability, or permanent disfigurement to the child commits a felony of the third degree[.]" § 827.03(2)(d), Fla. Stat.

The three offenses are also treated differently for purposes of instructing a jury.[5]  As evidenced in the manslaughter instruction,[6] the

---

[5] "Culpable negligence" has been defined in the corresponding jury instruction for section 784.05, Florida Standard Jury Instruction (Criminal) 8.9, Culpable Negligence, as the following:

> I will now define 'culpable negligence' for you.  Each of us has a duty to act reasonably toward others.  If there is a violation of that duty, without any conscious intention to harm, that violation is negligence.  But culpable negligence is more than a failure to use ordinary care for others.  In order for negligence to be culpable, it must be gross and flagrant.  Culpable negligence is a course of conduct showing reckless disregard for human life, or for the safety of persons exposed to its dangerous effects, or such an entire want of care as to raise a presumption of a conscious indifference to consequences, or which shows wantonness or recklessness, or a grossly careless disregard for the safety and welfare of the public, or shows such an indifference to the rights of others as is equivalent to an intentional violation of such rights.

Fla. Std. Jury Instr. (Crim.) 8.9.

The term "culpable negligence" has been defined in caselaw consistent with the standard jury instruction for culpable negligence offenses.  See Aledda v. State, 337 So. 3d 846 (Fla. 3d DCA 2022) (adopting definition of "culpable negligence" as set forth in standard jury instruction 8.9, which contains no "likelihood of death or great bodily harm" requirement).

[6] Florida Standard Jury Instruction (Criminal) 7.7, Manslaughter, defines "culpable negligence" as:

> I will now define 'culpable negligence' for you.  As I have said, every person has a duty to act reasonably toward others.  If there is a violation of that duty,

definition of "culpable negligence" was expressly amended from the instructional definition of the term under section 784.05 to add the requirement that a jury find the defendant knew or should have known that his conduct was "likely to cause death or great bodily injury." Likewise, the corresponding jury instructions for the child neglect statute define "culpable negligence" as requiring that "the defendant must have known, or reasonably should have known, [his conduct] was likely to cause death or great bodily

without any conscious intention to harm, that violation is negligence. But culpable negligence is more than a failure to use ordinary care toward others. In order for negligence to be culpable, it must be gross and flagrant. Culpable negligence is a course of conduct showing reckless disregard of human life, or of the safety of persons exposed to its dangerous effects, or such an entire want of care as to raise a presumption of a conscious indifference to consequences, or which shows wantonness or recklessness, or a grossly careless disregard for the safety and welfare of the public, or such an indifference to the rights of others as is equivalent to an intentional violation of such rights.

**The negligent act or omission must have been committed with an utter disregard for the safety of others. Culpable negligence is consciously doing an act or following a course of conduct that the defendant must have known, or reasonably should have known, was likely to cause death or great bodily injury.**

Fla. Std. Jury Instr. (Crim.) 7.7 (emphasis added).

11

harm." See Fla. Std. Jury Instr. (Crim.) 16.5 (child neglect causing great bodily harm); Fla. Std. Jury Instr. (Crim.) 16.6 (child neglect without causing great bodily harm). This higher standard for "culpable negligence" outlined in the manslaughter and child neglect instructions is supported by the statutory text of each offense.

## C.

"The plain language of section 784.05 refers to exposing another person to *personal injury* or inflicting actual *personal injury* on another through culpable negligence." State v. Simone, 431 So. 2d 718, 722 (Fla. 3d DCA 1983); see also State v. Greene, 348 So. 2d 3, 4 (Fla. 1977) (holding section 784.05 as constitutional and stating "[t]he purpose of the statute is to make criminal those acts which create an unreasonably great risk of harm to others. The degree of punishment for such acts depends on whether *injury* is inflicted.") (emphasis added). By a plain reading, it does not reference death or great bodily harm. For this reason, we find the plain and unambiguous language of section 784.05(1) precludes us from adopting A.C.'s interpretation of "culpable negligence" as requiring a "likelihood of death or great bodily harm." Such an interpretation "suffers from a rigid parsing of the statutory language divorced from 'the specific context in which that language is used, and the broader context of the statute as a whole.'"

12

Miller, 394 So. 3d at 169 n.4 (quoting Conage, 346 So. 3d at 598); see also

J.C., 233 So. 3d at 522 (Salario, J., concurring) (such an "interpretation of

section 784.05(1) . . . does not look anything like the statute the legislature

actually wrote").

## IV.

A.C. argues that even if "culpable negligence" under section 784.05(1)

does not require a "likelihood of death or great bodily harm," the State failed

to prove his act of smearing the deodorant gel was a course of conduct

showing a reckless disregard for the safety of others.

It is well settled that "[t]here is no uniform schedule of specific acts that

constitute culpable negligence." Aledda, 337 So. 3d at 850. "[T]he

defendant's conduct is not viewed in a vacuum, but rather, through the prism

of 'the circumstances surrounding the particular case.'" Id. (quoting Russ v.

State, 191 So. 296, 298 (Fla. 1939)); see also Dominique v. State, 435 So.

2d 974, 974 (Fla. 3d DCA 1983) ("Culpable negligence must be determined

from the facts peculiar to the case."); Medina v. State, 226 So. 3d 1018, 1023

(Fla. 2d DCA 2017) ("Culpable negligence must be determined upon the

facts and the totality of the circumstances in each particular case." (quoting

Ibeagwa v. State, 141 So. 3d 246, 247 (Fla. 1st DCA 2014))).

13

Because the State introduced competent substantial evidence to support the finding that A.C.'s conduct of smearing the deodorant gel exposed others to personal injury through culpable negligence, we find the trial court properly denied his motion for judgment of dismissal. See Aledda, 337 So. 3d at 850 (providing that culpable negligence is "a course of conduct showing reckless disregard for human life, or for the safety of persons exposed to its dangerous effects" (quoting Fla. Std. Jury Instr. (Crim.) 8.9)); Greene, 348 So. 2d at 4 ("[R]eckless indifference or grossly careless disregard of the safety of others is necessary to prove 'culpable negligence.'"); J.C.M. v. State, 375 So. 2d 873, 873 (Fla. 2d DCA 1979) ("The crime of culpable negligence consists of exposing another person to personal injury or inflicting actual personal injury through culpable negligence. Our supreme court has defined culpable negligence as 'reckless indifference or grossly careless disregard for the safety of others.'" (quoting Greene, 348 So. 2d at 4)); Kelley v. State, 341 So. 3d 468, 471 (Fla. 5th DCA 2022) ("[T]o establish culpable negligence, the State must adduce evidence showing a defendant acted with 'a gross and flagrant character, evincing reckless disregard for human life' or an 'entire want of care which would raise the presumption of indifference to consequences; or such wantonness or recklessness or grossly careless disregard of the safety and welfare of the

14

public, or that reckless indifference to the rights of others, which is equivalent to an intentional violation of them.'" (quoting <u>Russ</u>, 191 So. at 298)).

Affirmed.